IN WILKES SUPERIOR COURT, JULY TERM, 1832.

## CHARLES C. MILLS *vs.* JESSE MERCER and WIFE.

A verbal transfer of a *fi. fa.*, for a valuable consideration, is an equitable transfer of the interest; but the actual delivery and consideration must be proved.

An alteration of a bill of sale, by note at the foot thereof, from an absolute one to one which limits the interest in the pro-

IN this case a bill was filed for account, and for the enforcement of a contract, alleged to have been entered into, for an execution against one Ruddle; and for setting up and recording a bill of sale from complainant to Nancy Simons, (now Nancy Mercer) for two negroes. The bill of sale contained a stipulation that the negroes were to revert to complainant on the death of the said Nancy Simons.

When the bill was read, two objections were made. 1st. That a bill for specific performance was not sustainable, touching the personalty. 2d. That matters of account are cognizable at law, and therefore not relievable in equity. In this case the respondents had filed a cross-bill, and had therefore given jurisdiction to the court; and it was therefore incompe-

tent for them to object to the jurisdiction of the court, as the cross-bill covered the whole ground of the original bill. The plaintiff then offered evidence to prove that one of the respondents had said she had given the execution against Ruddle to her brother the complainant. This evidence was objected to, by respondents' counsel, on the ground that a *fi. fa.* could be transferred only by written assignment. In support of the evidence, a case was cited from Massachusetts Reports, in which it had been determined that a verbal transfer of a *fi. fa.* for a valuable consideration, was an equitable transfer of the interest. The case cited was in substance as follows; A. had obtained a judgment against B. and placed the *fi. fa.* issued thereon in the hands of C. an officer for collection. C. neglected to raise the money. When A. called for the money, C. paid him the amount due ; and A. directed his attorney to make a written assignment of the *fi. fa.* which was not done. C. instituted a suit upon the judgment to recover the amount of B. It was objected that the action would not lie, which was brought in the name of A. for the use of C. The action was sustained by the Court of Appeals. Upon the authority of this case the court permitted the complainant to proceed with his evidence, deciding that if he proved a delivering and a valuable consideration he was entitled to a recovery. The evidence of Benjamin Slack proved that he heard the respondent, Nancy Simons, say she had given the execution to complainant. This was in the early part of the summer of 1826. About five months after, he heard the same respondent say, she had taken the *fi. fa.* back again, upon an agreement to pay the complainant the value of the *fi. fa.*, in other property. James Wellborn swore he heard the same respondent say some time in the year 1825, or 1826, and he thinks in the latter year several times, that she had given the said *fi. fa.* to her brother the complainant. He heard nothing about taking it back. The respondents produced the execution docket, by which it appeared that the *fi. fa.* had issued the 14th September 1826. John Burkes, the sheriff, proved that the *fi. fa.* had been delivered to him by the clerk, and that it had remained in his hands till November 1829, when he returned *nulla bona* upon it ; that shortly after the return he got possession of it again, and has had it ever since in his possession. The complainant admitted in his answer to the cross-bill, that he had never had possession of it. Here the testimony touching the *fi. fa.* closed. The bill alleged that the respondent Nancy had bought a negro woman Charlotte and her child Wiley of him. That when he executed a bill of sale for them, he proposed to his sister, that, as she had no children, the said negroes should belong to him and his heirs, after her death. To this, respondent assented ; and respondent substantially admitted the allegations of the bill, but asserted, that when the bill

WILKES,
July, 1832.

MILLS
*v.*
MERCER and
Wife.

perty, conveyed to a mere estate for life, although by consent of parties, ought to be upon valuable consideration or the courts will not enforce it.

The execution of a promissory is evidence in law of a full settlement of all accounts up to the date thereof, except such as are specially accepted at the time.

of sale was first written it was absolute, but at the request of the complainant, she gratuitously consented that the condition should be added at the foot of the bill of sale. The next exhibit was a bill of particulars for articles purchased by complainant, and delivered to his sister the respondent, with the allegation that they were purchased at her request, and that she promised the amount should be credited on a note given by him for cotton before that time purchased by him of the respondent. Upon comparing the date of the bills of particulars, with that of the note, it appeared that the bills of particulars were dated the 26th of March, and the note was dated the 29th of March of the same year. It was contended that the execution of a note for upwards of $1300 by the complainant to the respondent extinguished all open accounts existing between the parties, unless they were expressly excepted at the time the note was executed.

The court in charging the jury stated that if the complainants' answer to the cross-bill had been disclosed to the court before complainant's evidence had been introduced touching the *fi. fa.* the whole of that evidence would have been repelled as inadmissible even under the authority of the case from Massachusetts Reports ; for there an actual delivery and a valuable consideration had been proved. In the case under consideration, neither had been established. On the contrary, complainant expressly admitted in his answer to the cross-bill that he had never had possession of the *fi. fa.* With regard to the bill of sale sought to be set up, the court stated to the jury, that if they were satisfied from the evidence that the original bargain for the negroes was for the absolute property in them, and that there was no consideration given by complainant to respondent, for the acceptance by her of a mere life estate in the negroes, they ought to find for the respondent ; but if they were not satisfied of these facts, they would find for the complainant, on that part of his bill. The court charged the jury, that the execution of the note of $1300 by the complainant to the respondent, was evidence in law of a full settlement of all accounts between the parties except such as were specially excepted. That as the accounts set forth in complainant's bill bore date anterior to the note, and had not been proven to be accepted, they were in contemplation of law finally settled by the note.

The jury found for complainant as to the bill of sale, and for respondents on the other grounds of complaint.